**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL JOHN SPRESSER, | ) | |
| doing business as M&L cattle, | ) | **Bankr. No. 08-41067** |
| doing business as C-7 feeders, and | ) | **Chapter 12** |
| LINDA LOUISE SPRESSER, | ) | |
| | ) | |
| Debtors. | ) | |
| ————————————— | ) | |
| | ) | |
| FIRST STATE BANK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 11-4052-CM** |
| | ) | |
| MICHAEL JOHN SPRESSER, | ) | |
| LINDA LOUISE SPRESSER, and | ) | |
| ERIC RAJALA, Trustee, | ) | |
| | ) | |
| Appellees. | ) | |
| ————————————— | ) | |

## <u>MEMORANDUM AND ORDER</u>

This is an appeal of the final Judgment and Order of the bankruptcy court. Appellant First State

Bank ("FSB") appeals the bankruptcy court's decision granting the Trustee's Motion to Disburse

Unsecured Funds, which denied any payment to FSB. FSB claims that even though it did not file a

formal proof of claim, the bankruptcy court should have considered its pleadings to be informal proofs

of claim. FSB claims that the bankruptcy court erred in two ways: (1) in deciding that FSB did not

satisfy the requirements of the informal proof of claim doctrine; and (2) in deciding that it would be

inequitable to apply the informal proof of claim doctrine in this case. The court has reviewed the

record and affirms.

## I.      Factual Background

The parties stipulated to the following facts in the bankruptcy proceedings:

1.      Debtors' Chapter 12 Petition (Doc. #1) was filed on July 30, 2008.

2.      The Notice of Commencement of Case issued by the Court (Doc #6) reflected a Proof of Claim deadline of November 24, 2008.

3.      First State Bank was properly listed in the Certificate of Service filed by the Bankruptcy Noticing Center (Doc. #8), and the Bank received a copy of the Notice of Commencement of Case and Official Form 10 (Proof of Claim form) mailed on August 3, 2008, by the Bankruptcy Noticing Center to all creditors listed on the Certificate of Service.

4.      In the Schedules filed by Debtors, First State Bank was listed as a creditor holding a secured claim, however, neither the amount of the claim nor the value of the security for that claim were listed by Debtors (Doc. #1).

5.      On October 7, 2008, Debtors filed their Chapter 12 Plan (Doc. #31).  First State Bank was identified and treated as a secured creditor in Class 3 of the Plan and as an unsecured creditor in Class 6 of the Plan.

6.      On October 9, 2008, First State Bank filed an objection to the exemptions claimed by Debtors (Doc. # 37) and a Motion for Relief from Stay (Doc. #36).  In that Motion, First State Bank outlined a claim in the amount of $551,477.20, which claim was secured by certain described personal property, and requested relief from the stay so that First State Bank could foreclose its interests therein.

7.      In an Agreed Order entered on November 5, 2008 (Doc. #58), granting First State Bank relief from the automatic stay, First State Bank and Debtors agreed that the amount of indebtedness set forth in the Bank's Motion for Relief from Stay was accurate.  Debtors agreed and stipulated to the entry of an order granting First State Bank relief from the automatic stay to continue with foreclosure of its security interest.

8.      On November 24, 2008, First State Bank filed an Adversary Complaint, Case No. 08-7079, objecting to discharge of its claim against Debtor Michael J. Spresser.

9.      On January 27, 2009, a Stipulation and Order Confirming Debtors' Chapter 12 Plan was entered (Doc. #71).  In that Stipulation, which was approved by Debtors, First State Bank, and Chapter 12 Trustee Eric C. Rajala, the parties stipulated to confirmation of the Debtors' Chapter 12 Plan with certain items to be abandoned to First State Bank in order to resolve its objections to confirmation of the Plan.

10.     On March 16, 2009, First State Bank and the Debtors entered into a Settlement Agreement in the adversary action, pursuant to which the amount of $25,000.00 was deemed to be non-dischargeable, and First State Bank and the Debtors further agreed with regard to the Debtors' Chapter 12 Plan:

> the amount payable hereunder shall be considered a secured claim of FSB and the principal amount payable to FSB by Spresser shall survive discharge entered in Spresser's currently pending Chapter 12 Bankruptcy action or any subsequently filed action, and said amount shall be deducted from the amount otherwise due and owing to FSB in determining the extent to which FSB participates as a general unsecured creditor under Class VI of Spresser's confirmed Chapter 12 Plan.

11.     On April 9, 2009, a Joint Motion of Debtors and First State Bank was filed to approve the compromise and settlement (Doc. #76). An Order Approving the Joint Motion of Debtor and the Bank to Approve Compromise and Settlement was entered by the Court on May 7, 2009 (Doc. #81).

12.     No formal proof of claim was filed on behalf of First State Bank.

13.     On December 14, 2010, the Trustee filed a Notice to Secured Creditors of Trustee's Intent to Disburse Funds to Allowed Unsecured Claims pursuant to Kansas LBR 3001.1(D) (Doc. #110). The Trustee's Notice gave notice to claimants who had filed secured proofs of claim that they had until January 4, 2011, to file amended proofs of claim "to reflect any deficiency that may exist."

14.     Because First [State] Bank had not filed a proof of claim, the Trustee's Notice to Secured Creditors was not mailed to the Bank. However, the Notice was served on the Bank's counsel via the Court's Electronic Case Filing (ECF) system.

15.     First State Bank did not file a proof of claim in response to the Trustee's Notice to Secured Creditors (Doc. #110).

16.     On January 27, 2011, Chapter 12 Trustee Eric C. Rajala filed a Motion to Disburse Unsecured Funds and provided Notice with an Objection Deadline on same (Doc. #111).

17.     On February 14, 2011, First State Bank filed a timely objection to the Trustee's Motion for the reason that it omitted First State Bank as an unsecured creditor (Doc. #113).

18.     The Trustee's Motion to Disburse Unsecured Funds would be affected as follows if the objection of First State Bank is sustained:

| Claim No. | Claimant | Claim Amount | Dividend Without FSB | Dividend with FSB |
|---|---|---|---|---|
| 1 | Discover Bank | $ 9,890.86 | $ 5,451.21 | $ 1,168.53 |
| 2 | Ivesco Holdings, LLC | $ 1,133.53 | $ 624.73 | $ 133.92 |
| 3 | Ener Bank USA | $ 8,890.22 | $ 4,899.72 | $ 1,050.31 |
| 4 | Tri-State Carriers, Inc. | $ 2,840.50 | $ 1,565.50 | $ 335.58 |
| 5 | Darlings Nutrition Co. | $ 5,807.43 | $ 3,200.69 | $ 686.10 |
| 6 | Golden Plains Credit Union | $12,833.19 | $ 7,072.84 | $ 1,516.14 |
| 7 | Roundup Funding, L.L.C. | $ 963.52 | $ 531.04 | $ 113.84 |
| 8 | Roundup Funding, L.L.C. | $ 4,337.17 | $ 2,390.37 | $ 512.40 |
| 9 | Diversified Financial Services | $ 60,076.87 | $33,110.55 | $ 7,097.62 |
| 10 | Western Kansas Farm Credit FLCA | Secured - no dividend | | |
| 11 | First National Equipment Financing, Inc. | Amended by Claim 14 - no dividend | | |
| 12 | eCast Settlement Corp. | $ 1,185.43 | $ 653.33 | $ 140.05 |
| 13 | FIA Card Services, N.A. | $ 5,267.60 | $ 2,903.17 | $ 622.33 |
| 14 | First National Equipment Financing, Inc. | $ 10,202.25 | $ 5,622.83 | $ 1,205.32 |
| None | First State Bank | $452,368.12 | | $ 53,443.84 |
| Trustee | Eric C. Rajala | Statutory Fee | $ 7,557.69 | $ 7,557.69 |

(Doc. 2-27.)

## II.      Legal Standards

This court uses two different standards of review in deciding this appeal.  First, the court reviews the bankruptcy court's conclusions of law under a *de novo* standard.  *In re Lederman Enters., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993) (citation omitted); *In re Sunwest Hotel Corp.*, No. 92-40079-11, 1998 WL 982905, at *5 (D. Kan. Sept. 29, 1998) (citation omitted).  Second, the court reviews the bankruptcy court's equitable determination for abuse of discretion.  *See In re Tanaka Bros. Farms, Inc.*, 36 F.3d 996, 998 (10th Cir. 1994).

## III.      Discussion

Courts use the informal proof of claim doctrine to preserve an unsecured creditor's rights when it filed a document other than an actual proof of claim.  If the filed document contains certain pieces of information, the court may treat it as an informal proof of claim, and allow the creditor to file a formal proof of claim that relates back to the date the informal proof was filed.  The doctrine is used "to ameliorate what is perceived as a harsh result of strict enforcement of a bar date."  9 Collier on Bankruptcy ¶ 3001.05[1] (Alan N. Resnick & Henry J. Somme eds., 16th ed.).  The Tenth Circuit requires that a document meet the following five requirements to qualify as an informal proof of claim:

1. the proof of claim must be in writing;
2. the writing must contain a demand by the creditor on the debtor's estate;
3. the writing must express an intent to hold the debtor liable for the debt;
4. the proof of claim must be filed with the Bankruptcy Court; and
5. based on the facts of the case, it would be equitable to allow the amendment.

*In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir. 1992).  But a trustee's awareness of a claim does not create an informal proof of claim.  *Id.* (citation omitted).  And the court may only consider documents filed during the claims filing period; informal proofs of claims remain subject to Rule 3002's bar date.  *In re WPRV-TV, Inc.*, 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989) (citation omitted).  The party seeking to apply the doctrine bears the burden of proof.  *In re Smith*, 100 B.R. 289, 293 (Bankr. D.S.C. 1988) (citations omitted).

**A.  Whether FSB's Filings Constitute Informal Proofs of Claim**

**1.  Objection to Exemptions**

The first document that FSB claims qualifies as an informal proof of claim is the objection that it filed to the debtors' claimed exemptions.  The objection to exemptions meets two of the *Reliance Equities* requirements: it is a writing filed with the bankruptcy court.  Beyond that, however, the document is insufficient to qualify as an informal proof of claim.  It does not make a demand against

the estate or express an intent to hold the debtors liable for any debt.  The objection solely relates to the values of the property that the debtors claimed as exempt.

### 2.  Motion for Relief from Stay

The next document the court considers was filed the same day as FSB's objection.  This document—FSB's Motion for Relief from Stay—was also a writing filed with the bankruptcy court.  In addition, the document indicates that the debtors owe a debt of $551,477.20 to FSB.  But the motion does not make a demand on the bankruptcy estate or indicate that FSB intends to hold the debtor liable for the debt.  To the contrary, the motion seeks permission to foreclose on the property outside the bankruptcy proceedings to satisfy the debt.  The motion does not indicate that FSB intends to hold the debtors liable on any remaining balance after selling the property.  The court concludes that the motion also does not constitute an informal proof of claim.

### 3.  Adversary Complaint

The last document the court examines is FSB's adversary complaint.  The complaint requested that the court deny discharge of indebtedness to debtor Michael John Spresser because the debtor intentionally deceived FSB about the value of his machinery and equipment, the number of cattle he owned, and how he intended to use the proceeds of his loans.

Again, this document was filed with the court in writing.  It also conveys an intent to hold the debtor liable on the debt.  But the complaint does not make a demand on the bankruptcy estate.  Without such demand, the adversary complaint cannot constitute an informal proof of claim.

### 4.  FSB's Filings as a Group

Even viewed cumulatively, FSB's filings do not provide all of the information necessary to qualify as an informal proof of claim.  Not one of them makes a demand on the bankruptcy estate.  Without this component, FSB's argument fails.  Neither does the Debtors' Plan, which recognized the

claims that FSB had against the debtors, alter this analysis.  Regardless of whether the debtors acknowledged their debt to FSB, the bank still had an independent duty to make a timely demand on the bankruptcy estate.  *See generally In re Wynn*, Nos. WO-010, 01-17641-WV, 2002 WL 1270176, at *4 (10th Cir. BAP June 7, 2002) (holding that a debtor's knowledge of a claim is insufficient to create an informal proof of claim).

### B.  Whether it would be Equitable to Apply the Informal Proof of Claim Doctrine

This court could affirm the decision of the bankruptcy court based solely on the above analysis. The bankruptcy court also analyzed whether, assuming that the documents did meet the first four requirements for an informal proof of claim, it would be equitable to allow the informal proof.  This court will do the same, although the bankruptcy court's decision on this issue is entitled to a much more lenient standard of review.

In this case, FSB had multiple opportunities to protect itself.  FSB had counsel and was involved in the bankruptcy proceeding.  The court is uncertain why FSB chose not to file a proof of claim, when it acted to protect its interests in many other ways.  But even when FSB had the opportunity to file an amended proof of claim, it did not do so.  When a financial institution has multiple opportunities to protect itself, yet fails to do so, the equities will not favor recognizing an informal proof of claim.  *In re Reliance Equities, Inc.*, 966 F.2d at 1345.

The bankruptcy court also noted the detrimental effect that allowing FSB's proof of claim would have on other unsecured creditors.  Without FSB's claim, each unsecured creditor will receive a 55% dividend on its claim.  With FSB's claim, that number is reduced to less than 12%.  It would not be equitable to reward FSB for failing to follow the statutory requirements and punish the other unsecured creditors who timely filed their proofs of claim.

The court recognizes that all of the unsecured creditors were likely aware that the debtors owed FSB money.  When they took the proper steps to preserve their claims and FSB did not, however, it is not equitable to deny them a substantial portion of payment merely because they were not taken by surprise.

The bankruptcy court did not err in finding allowance of an informal claim to be inequitable. This court agrees, and would reach the same decision whether under a deferential or *de novo* standard of review.

**IT IS THEREFORE ORDERED** that the final Judgment and Order of the bankruptcy court is affirmed.

Dated this <u>17th</u> day of January, 2012, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**